DUTCH-AMERICAN MERCANTILE CORPORATION, Respondent, *v.* COTRA CORPORATION, Appellant, et al., Defendant.

First Department, December 7, 1954.

*Martin B. Stecher* of counsel (*Helman & Hurwitz,* attorneys), for appellant.

*Emanuel Becker* of counsel (*Becker & Martin,* attorneys), for respondent.

BERGAN, J. Defendant Cotra is a New York corporation which sells merchandise in international transactions. Plaintiff Dutch-American Mercantile Corporation is engaged, among other things, in the purchase and sale of foreign currencies.

It may be noted that one problem which confronts the seller of merchandise exported to areas not using dollar currency is to convert to dollars the money furnished by the purchaser where the contract of sale does not itself require payment in

dollars; and although there is a free foreign currency market in New York, conversion may present some difficulties which are to be seen in the background of this controversy.

In the early spring of 1952 Cotra wanted to convert to dollars a credit of English pounds of a type denominated " Belgian account " acquired from the sale and export of merchandise. To accomplish this it offered in Paris to sell to the plaintiff for $9,840 to be paid in New York funds the sum of 4,000 pounds sterling " Belgian account ". The pounds were to be delivered at a nominated bank in Lombard Street, London, to plaintiff's order.

A written confirmation of the transaction was prepared by plaintiff in its New York office, dated March 27, 1952, and sent to the defendant in New York. It stated: " We herewith confirm having bought from you as per advice our Paris Office £4,000 Belgian Account Sterling at the rate of $2.46 per Pound * * * We shall remit you the dollar equivalent, i.e., $9,840.00 upon our confirmation of receipt or upon your presentation of definite proof that payment has been made as instructed." The confirmation stated the name of plaintiff's designee to be entitled to be paid the pounds at the London bank. The designee was a South African corporation.

Without any confirmation by the plaintiff of the receipt of the 4,000 pounds by it or its designee in London; and without presentation " of definite proof that payment has been made as instructed " of the pounds by defendant, plaintiff nevertheless paid defendant $9,840 in New York on April 1, 1952. The court at Special Term has granted plaintiff's motion for summary judgment for the return of this money as against defendant Cotra and has severed the action as against the individual defendant with whom we are not here concerned. Cotra appeals.

That the dollars were paid by plaintiff to this defendant is conceded. Plaintiff's affidavit makes the unequivocal statement that the pounds were not delivered to its designee at the London bank; but defendant on a rather tenuous showing by affidavit offers proof of a course of currency and business transactions to suggest that the question of the payment of the 4,000 pounds is left in doubt; and rests its resistance to plaintiff's motion for summary judgment principally on an argument addressed to the factual weakness of plaintiff's showing in respect of the payment of the 4,000 pounds.

Defendant Cotra does not show that the pounds have been paid, but its affidavit in opposition to summary judgment states that it is " unable to offer more positive proof " of payment

because " the evidence thereof is peculiarly in the hands * * * of the plaintiff ".

The payment of the dollars to defendant is shown, however, to have been a payment to which a condition attached. It was accompanied by a letter to defendant which stated " This payment is made under reserve ". There is proof by affidavit, uncontradicted by defendant, that a payment " under reserve " is understood in the trade " to mean that the recipient of the monies [*sic*] may not deem it as his own but must be prepared to return it to the payor until such time that the person to whom the foreign funds have been delivered acknowledges receipt of such funds or until delivery by the seller of the funds of an authenticated confirmation issued by a bank stating that payment of the foreign exchange has been effected."

Such a conditional payment in dollars for the foreign currency, and the trade practice which governs it, seem to us quite in harmony with the terms of the original contract which entitled the defendant to payment in dollars either when the plaintiff buyer of the pounds gave " confirmation of receipt " of the pounds or upon " definite proof " by the seller that the delivery had been effected.

Since the meaning of the words accompanying the conditional delivery as understood in the trade is not disputed; and since the defendant, having received the dollars, has neither produced the proof required by its contract nor produced the proof required by the trade custom in response to a payment made for foreign currency " under reserve ", no triable issue is demonstrated upon the papers before us.

The defendant has a plain obligation to show the delivery of the pounds or return the dollars which it received conditionally. Summary judgment may rest upon uncontradicted proof of trade custom and practice as well as upon a course of conduct or other evidence which clearly demonstrates that there is no issue of substance to be tried.

We think the court at Special Term correctly granted judgment for plaintiff. Under the form of pleading asserted by the plaintiff and the factual theory set forth in its moving papers and upon which the judgment rests, the adjudication will not be deemed to prejudice a subsequent assertion by defendant of a right to recover under the terms of its contract upon showing its own due performance of the conditions undertaken; and such a right is conceded by plaintiff on the argument of the appeal.

The effect of the judgment presently entered, although on its face an absolute adjudication of rights between the parties, is that until proof has been adduced by defendant that the pounds have been delivered, plaintiff is entitled to the return of the dollars paid for the pounds.

The judgment and order appealed from should be affirmed, with costs.

PECK, P. J., CALLAHAN, BREITEL and BASTOW, JJ., concur.

Judgment and order unanimously affirmed, with costs.